United States District Court
District of Massachusetts

```
_____
                               )
WALTER BRYKSA and LORI BRYKSA,  )
        Plaintiffs,             )
                                )
        v.                      )    Civil Action No.
                                )    10-11319-NMG
B&B PROTECTOR PLANS, INC. and   )
GREENWICH INSURANCE CO.,        )
        Defendants.             )
_____)
```

MEMORANDUM & ORDER

**GORTON, J.**

Walter and Lori Bryksa ("the Bryksas") bring suit against B&B Protector Plans, Inc. ("B&B") and Greenwich Insurance Company ("Greenwich") alleging unfair settlement practices, a violation of the Massachusetts Consumer Protection Act (Mass. Gen. Laws ch. 93A and ch. 176D) and intentional infliction of emotional distress.

## I. Factual Background

This case arises from underlying litigation with respect to a car accident involving Mr. Bryksa and another driver. The Bryksas retained Gerald Noonan, Robert Payton and the Law Offices of Gerald Noonan ("the underlying defendants") to represent them in a personal injury lawsuit against the driver ("the underlying litigation"). However, despite the compilation of relevant documents and reports related to the crash, the underlying defendants allegedly did not file suit for over three years, thus

allowing the statute of limitations on the claim to run.  The defendants in that matter moved for dismissal based on the statute of limitations.  The underlying defendants never responded to the motion to dismiss and the underlying litigation was dismissed on July 11, 2007.

The Bryksas brought suit against B&B and Greenwich as the professional malpractice insurers of the underlying defendants.  After extensive settlement discussions, B&B and Greenwich offered a final judgment in the amount of $75,000, which the Bryksas accepted.

The instant suit arises from events that occurred after the Bryksas filed their first suit against B&B and Greenwich and before B&B and Greenwich proffered a settlement.  On March 25, 2008, the Bryksas sent a demand letter to B&B and Greenwich.  The Defendants allegedly did not respond with any offer of settlement until April, 2009, which the Bryksas claim was untimely and caused them to be damaged.

## II.  **Procedural History**

In July, 2010, the Bryksas filed their original complaint in the Massachusetts Superior Court Department for Norfolk County. In August, 2010, Defendants removed the case to this Court and subsequently moved to strike the Plaintiffs' claim for a jury trial on the Chapter 93A count.  At a scheduling conference on November 9, 2010, the Court heard oral argument with respect to

that motion.

III. **Motion to Strike Plaintiffs' Jury Claim**

Defendants move to strike the Plaintiffs' claim for a jury trial, relying primarily on Wallace Motor Sales, Inc. v. American Motor Sales Corp., 780 F.2d 1049 (1st Cir. 1985) ("Wallace"). In Wallace, the First Circuit Court of Appeals concluded that the plaintiff had no right to a jury trial on its Chapter 93A claim because the Massachusetts Supreme Judicial Court held as much in Nei v. Burley. Id. at 1064 (citing Nei v. Burley, 446 N.E. 2d 674 (Mass. 1983)).

Plaintiffs contend that there is a Seventh Amendment right to a jury trial for Chapter 93A claims, citing the opinion of United States District Judge William G. Young in Massachusetts Eye and Ear Infirmary v. OLT, Inc., 495 F. Supp. 2d 188, 194 (D. Mass. 2007) (hereafter "the MEEI case"). In that case, Judge Young held that reliance on Nei is inapposite in federal court. Id. Judge Young concluded that the First Circuit had never squarely ruled on the Seventh Amendment right to a jury trial on such claims in federal court because, in Wallace, the parties stipulated on the basis of Nei that there was no right to a trial by jury for the Chapter 93A claim. MEEI, 495 F. Supp. 2d at 194-95 (citing Wallace, 780 F.2d at 1064). For that reason, among others, Judge Young held that a plaintiff has a Seventh Amendment right to a jury trial in actions for double or treble damages but

-3-

not for injunctive relief under Chapter 93A. Id. at 197.

This Court respectfully disagrees with Judge Young's interpretation of Wallace (and the Bryskas' reliance on it) and declines to follow Judge Young's opinion in the MEEI case. Under Massachusetts practice, there is no discernable right to a jury trial under Chapter 93A because such claims are considered equitable in nature. E.g., Walsh v. Chestnut Hill Bank & Trust Co., 607 N.E.2d 737, 740-41 (Mass. 1993). Despite Judge Young's opinion in the MEEI case, another session of the United States District Court for the District of Massachusetts has held that there is no right to a jury trial in federal court on Chapter 93A claims. Music Suppliers, Inc. v. London Records, Inc., CIV. A. 79-2566-G, 1988 WL 34277, at *3 (D. Mass. Feb. 22, 1988)(citing Wallace, 780 F.2d at 1052 n.1). In Music Suppliers, Inc., United States District Judge W. Arthur Garrity reasoned that "[t]he Supreme Judicial Court has clearly established that these consumer actions are equitable in nature." Id. (citing Nei, 446 N.E. 2d at 678).

In Wallace, the First Circuit extensively analyzed this question and found that there is no Seventh Amendment right to a jury trial with respect to Chapter 93A claims because they are not suits at common law. 780 F.2d at 1064-67; see also In re Pharm. Indus. Average Wholesale Price Litig., 582 F.3d 231, 236 (1st Cir. 2009); Santos v. Sunrise Med., Inc., 351 F.3d 587, 589

n.2 (1st Cir. 2003); Fredette v. Allied Van Lines, Inc., 66 F.3d 369, 375-76 (1st Cir. 1995)("in deciding the 93A claim as the finder of fact, the district judge was entitled to reach a judgment independent of the jury on such issues as the existence and extent of deception, unfairness and bad faith.  Whether or not the judge's findings can be squared with the jury's does not matter, so long as the former's findings are not clearly erroneous and the latter's are within the bounds of reason."). For that reason, the Court concludes that there is no Seventh Amendment right to a jury trial with respect to a Chapter 93A claim.

## ORDER

In accordance with the foregoing, the Defendants' motion to strike the Plaintiffs' claim for jury trial (Docket No. 3) is **ALLOWED**.


**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated December 1, 2010